UNITED STATES *v.* J. C. NICHOLS (No. 3497) [1]

[1] T. D. 45643.

United States Court of Customs and Patent Appeals, May 2, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Lyman Ward,* special attorney, of counsel), for the United States.
*James R. Ryan* for appellee.

[Oral argument April 12, 1932, by Mr. Lawrence; submitted on brief by appellee]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Graham, Presiding Judge, delivered the opinion of the court:

J. C. Nichols, the appellee, a resident of River Forest, Ill., purchased at Florence, Italy, in December, 1929, certain articles of merchandise, consisting of a mosaic table top and support and a chessboard, for the sum of $313. At the time he purchased these articles he made a partial payment upon the bill, directing that the goods be sent to him at River Forest, C. O. D. as to the balance due. At that time he wrote his name and address upon the invoice and gave express directions for the shipment through the customs at the port of Chicago. At the same time he received a private invoice and gave it to his wife, who was then about to return to the United States, to deliver the same to his representative, Jacob Toussaint, at Chicago. This was to be used in making entry at Chicago of the goods in question. The appellee immediately thereafter went on a hunting trip in Africa, where he remained about six months before returning to his home.

The shipper of the goods in Italy evidently did not follow the directions of the appellee. The goods were shipped and entered at the port of Baltimore, where, by some method, they were entered for consumption at that port by Shapiro & Co., brokers at that port. These brokers apparently entered the goods at a value which was equal to the amount due on the goods, as shown by the invoice, irrespective of the amount which had been theretofore paid by Mr. Nichols upon the bill. This was done without consultation with Nichols or his agent and apparently without any authority of any kind on the part of the brokers.

After this had been done, the appraiser at the port fixed the value of the goods at an amount equal to the purchase price upon the same as shown by the private invoice of the appellee. Thereupon Shapiro & Co. communicated with Toussaint, the appellee's agent, and informed him of the penalty which had been fixed for undervaluation. Toussaint knew nothing about the conditions up to this time, although

he had in his possession the private invoice which had been given to him by Mrs. Nichols upon her return to Chicago.

After this additional duty for undervaluation had been fixed, and upon the return of the appellee to the United States, he communicated with Shapiro & Co. Prior to that time, the private invoice, which had been in the hands of the wife of appellee, had been sent to Shapiro & Co. to be delivered to the Government officials. Shapiro & Co. then offered to appear for the appellee, and endeavored to get his differences with the Government adjusted, and for so doing charged a fee of $75 and obtained, at least, a part of the same from him. The efforts of these brokers, however, were unavailing.

Thereafter the appellee employed counsel and filed his petition under section 489 of the Tariff Act of 1922 for remission of additional duties. The United States Customs Court, after hearing the evidence, granted the prayer of the petition, and the Government has appealed.

The appellee filed no appeal from the appraisement of the local collector at Baltimore and has never made any contention that the value fixed was not the correct dutiable value.

There is nothing in this record that indicates any fraudulent intent upon the part of the appellee, and we are convinced, as was the court below, that the importer has established, by satisfactory evidence, that the entry of this merchandise at less value than that returned upon the final appraisement was without any intention on his part to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. He is therefore entitled to remission.

The conduct of the customs brokers who entered these goods at the port of Baltimore for consumption, in view of the facts appearing from this record, is not chargeable to the appellee. If they were, we might well be justified in coming to a different conclusion.

The judgment of the United States Customs Court is *affirmed*.